Janell ROBERTS, Plaintiff,

v.

The TOWN OF CICERO, Henry Klosak, Al Sykora, Earl Thurll, Michael Nisk, and John Maltese, Defendants.

No. 87 C 10344.

United States District Court, N.D. Illinois, E.D.

July 29, 1988.

Richard J. Troy, Chicago, Ill., for plaintiff.

W. Robert Blair, Jerome Torshen, Torshen Schoenfield & Spreyer, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Janell Roberts brings this § 1983 action against defendants Town of Cicero and Henry Klosak, Al Sykora, Earl Thurll, Michael Nisk and John Maltese, elected and appointed officials of the Town of Cicero. Defendants move to dismiss and, alternatively, to strike paragraphs 11 and 12 of the complaint. For the following reasons, we grant the motion to dismiss as against all defendants except Michael Nisk.

### Factual Background

The complaint sets forth the following allegations which we treat as facts for purposes of deciding the motion to dismiss. *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). Roberts is the owner of certain real property located at 1500 South 49th Avenue, Cicero, Illinois. A building on the site contained a tavern and restaurant on the ground floor, which Roberts leased to her daughter Martha Barnett. On the second floor were two apartments, and a separate two-car garage stood behind the building.

During 1986 and 1987, defendants closed the tavern on several occasions for building code violations, requiring Roberts to make substantial plumbing and electrical repairs to the property. On one occasion, agents of Cicero found an empty cigarette package left in a window well to be an imminent threat to the public health. Roberts alleges she may have been subject to harassment by defendants because of her cooperation with the United States Attorney and the FBI on matters involving persons employed by the Town of Cicero.

On the evening of April 10, 1987, the Cicero police department arrested a tavern employee on a drug charge and ordered the tavern closed. Early the following morning, a fire broke out, causing substantial damage to the building. Roberts arrived at the scene as the firemen were preparing to depart. The fire had gone through the front one-third of the roof and had caused some damage to the bar area. The bar itself was intact, as were all four walls; the restaurant area sustained little damage. The fire did not reach the garage.

Both Roberts and a public fire adjuster attempted to enter the building but were denied access. A wrecking crew arrived and was admitted to the building to remove undamaged equipment. Several days later, agents of the city demolished the garage on Nisk's order.

Roberts filed this three-count action on December 4, 1987. She charges in Count I that the demolition of her property without adequate notice and a prior hearing violated her due process rights under the Fourteenth Amendment. Counts II and III set forth pendent state law claims of negligent demolition under Ill.Rev.Stat.1985, ch. 24, § 1-4-7 and intentional demolition out of malice.

Defendants set forth four grounds for the dismissal of Count I. First, defendants contend that the allegations fail to inform

each of the parties with requisite specificity what he is claimed to have done. Secondly, defendants argue that Count I does not contain allegations which indicate that Roberts' injuries were the result of any policy, practice or custom of Cicero and thus does not state a claim under 42 U.S.C. § 1983 against Cicero or any of the individual defendants in his official capacity. Defendants next argue that the complaint fails to allege sufficient facts to state a claim of deprivation of procedural due process. Lastly, defendants argue that Roberts has failed to join her daughter, an indispensable party.

## Motion to Dismiss

■ Roberts sets forth in detail the events leading up to the demolition of her property and that she was denied her right to due process under the Fourteenth Amendment. With the exception of her allegations as to Nisk, neither the complaint nor the response to Cicero's motion to dismiss precisely identifies the activity or inactivity of the named individual defendants involved that constituted that denial. To sustain an action under § 1983, "it is incumbent upon the plaintiff to allege with particularity, intentional and purposeful overt actions committed by the defendant in the course of the alleged violation." *Lizak v. Kusper,* 399 F.Supp. 1270, 1274 (N.D.Ill.), *aff'd,* 506 F.2d 1405 (7th Cir. 1974). Roberts has pled no facts to support her charge that the actions of Klosak, Sykora, Thurll or Maltese caused her an unconstitutional deprivation of property; she does not state who ordered the demolition of the principal building nor when that order was made.[1] Roberts does, however, make a positive allegation against Nisk; she charges that Nisk ordered a portion of her property demolished. Accordingly, all charges against Klosak, Sykora, Thurll and Maltese in their individual capacities are dismissed.

■ In *Monell v. New York City Department of Social Services,* 436 U.S. 658, 78 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities are proper parties to § 1983 actions but limited their liability to situations in which "action pursuant to municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. at 2036. Municipal liability cannot attach on the basis of the doctrine of *respondeat superior.* A municipality may, however, be "liable under § 1983 for a single decision by its properly constituted legislative body—whether or not that body has taken similar action in the past or intended to do so in the future—because even a single decision by such a body unquestionably constitutes an act of official government policy." *Pembaur v. Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986). Individualized actions may constitute official policy when "the officials who acted had the authority to make policy for the Town. Therefore once the officials who have authority to make policy for the Town are identified, their actions pursuant to that policy are attributable to the Town." *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 381 (7th Cir. 1988). Roberts' claim against the Town of Cicero fails because she has not alleged a custom or policy of the Town or that the named defendants are policy makers for Cicero. Roberts has not identified specifically the official positions that the defendants hold, alleging only that each is a named or elected official of Cicero, and that through such positions, they were authorized to set and carry out the policies implicated here. Accordingly, all charges against Cicero are dismissed.

Having dismissed Cicero, all claims against all of the individual defendants in their official capacities must be dismissed as well. "An official-capacity suit is not a suit against the official as an individual; the real party in interest is the entity" and thus a plaintiff "can look only to the entity itself, not to the official." *Id.* at 382.

■ Defendants additionally contend that Roberts' claim is deficient as she has failed to allege the absence of an adequate

---

**1.** In opposing dismissal, Roberts submits various reports implicating certain defendants. Our assessment of the sufficiency of the complaint rests solely on the allegations, or lack thereof, in the complaint. *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 198 (7th Cir.1985).

post-deprivation remedy under state law. We find this contention to be without merit. The Supreme Court held in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986), that a plaintiff must allege in a § 1983 action charging unconstitutional deprivation of property that post-deprivation remedies available under state law are inadequate and that a pre-deprivation remedy is feasible. The Court recognized that a government entity may be justified on grounds of impracticability or the necessity for quick action in taking property before giving an individual notice and a hearing, *id.* 451 U.S. at 539, 101 S.Ct. at 1915, and it is incumbent upon the plaintiff to allege that such justifications are not present. Roberts has clearly alleged sufficient facts from which a trier of fact could reasonably conclude that a pre-deprivation remedy was feasible. First, under Illinois law, the authorities needed court approval to demolish the buildings and Roberts was entitled to argue in the state court that the building was sufficiently safe to render demolition unnecessary. Ill.Rev.Stat. ch. 24, ¶ 11–31–1 (1985). Further, Roberts alleges that the buildings did not pose any immediate danger as evidenced by a completely intact garage, the restaurant's standing four walls, limited roof damage and entry by certain individuals to remove equipment. Accordingly, dismissal under *Parratt* is denied.

Finally, defendants urge that Martha Barnett is a necessary and indispensable party to the action and Roberts' failure to join her merits dismissal under Fed. R.Civ.P. 19. We disagree. Defendants contend that Roberts seeks recovery for the value of the "business" and the personal property which "presumably" belonged to Martha Barnett. Roberts at no point expressly prayed for such recovery, and, in any event, we will not presume as defendants do that Roberts did not own the personal property. Whether damages to the personal as well as real property are recoverable is appropriately argued on summary judgment or at trial.

## Motion to Strike

Since all charges against Nisk in his personal capacity remain, we must address the motion to strike ¶¶ 11 and 12 of the complaint which state:

11. Plaintiff also received anonymous written threats of bodily harm.

12. Plaintiff, at the time of these events, was cooperating with the District Attorney of the Northern District of Illinois and the Federal Bureau of Investigation on matters involving persons employed by the TOWN OF CICERO. Plaintiff believes that her cooperation may have been the motivating factor in the harassment and subsequent events.

Roberts has failed to allege any facts tying the individual defendants to the anonymous threats or upon which she formed an opinion as to their motivation for their actions. Accordingly, the allegations are stricken as irrelevant and immaterial. *Beck v. Cantor, Fitzgerald & Co.,* 621 F.Supp. 1547, 1565 (N.D.Ill.1985).

## Conclusion

Roberts has failed to state a federal claim against the Town of Cicero, Henry Klosak, Al Sykora, Earl Thurll and John Maltese. Accordingly, all counts against these defendants are dismissed without prejudice. All claims against Nisk in his official capacity are dismissed. Paragraphs 11 and 12 are stricken without prejudice from the complaint. Nisk is to answer to the complaint within twenty days. It is so ordered.